Erdet Skender BLUSHI, Petitioner,

v.

Alberto GONZALES, United States

**Attorney General,\* Respondent.**

**No. 04–3078–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 1, 2006.

Saul C. Brown, New York, NY., for Petitioner.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

John H. Campbell, Assistant United States Attorney (Jan Paul Miller, United States Attorney for the Central District of Illinois, on the brief), Peoria, IL., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of an order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Erdet Skender Blushi ("Blushi"), through counsel, petitions for review of an order of the BIA affirming the decision of an immigration judge ("IJ") ordering his removal to Albania and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

Although judicial review is ordinarily confined to the decision of the BIA, the Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

In this case, the IJ's adverse credibility determination was supported by substantial evidence, including: (1) significant inconsistencies between Blushi's testimony and the submitted documentary evidence, including (a) a letter from the chairman of Blushi's political group, verifying Blushi's party membership, but failing entirely to mention the June 2001 physical assault that Blushi claimed had befallen both the chairman and him, and (b) a letter from Blushi's parents that made no mention of the destruction and closing of their family business and thus failed to provide support for Blushi's suggestion that this damage had occurred for a "political reason"; (2) Blushi's acknowledgment at his removal hearing that, upon entering the United States, he had told the immigration officer during his airport interview that he departed Albania for economic reasons only; and (3) discrepancies between Blushi's testimony and the State Department country reports and asylum profile for Albania. Because the inconsistencies outlined by the IJ were not minor and go to the main basis of Blushi's political persecution claim, it was not improper for the IJ to base its adverse credibility determination on this ground. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 77 (2d Cir.2004). Because Blushi raised only the issue of political asylum in his brief before this Court, he has waived challenges to any of the IJ's other findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (holding that an issue is abandoned when not raised in an appellate brief).

For these reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).